## REX COAL CO. et al. v. CLEVELAND, C., C. & ST. L. RY. CO. et al.

### No. 486.

District Court, E. D. Illinois.
Jan. 3, 1935.

180

John Sebat, of Danville, Ill., for petitioners.

Walter T. Gunn, of Danville, Ill., for respondents.

LINDLEY, District Judge.

The petitioners seek writ of mandamus, under section 10, c. 382, 25 Stat. p. 862 (49 USCA § 49), to compel the defendant railroad companies to furnish empty cars for loading at petitioners' coal mine and to receive and transport the cars when loaded from the mines over a certain railroad spur to the lines of defendants and thence into interstate commerce. The petition discloses that the so-called spur belongs to petitioners, that it was constructed by them at a cost of $142,000, and that it extends from defendants' railroad for a distance of 2.75 miles to petitioners' mine.

Petitioners allege that defendants are supplying empty cars at other mines for the purpose of loading same to be hauled in interstate commerce; that they refuse to transport empty cars from their line over petitioners' spur, to spot same at petitioners' mine, and to transport them when loaded to defendants' railroad; that other mines are similarly situated; and that the acts of defendants result in unjust discrimination in furnishing coal cars to petitioners. Defendants have filed a plea to the jurisdiction of the court, in which it is asserted as a matter of law that on the face of the petition the court has no jurisdiction.

■■ The court is of the opinion that the case is controlled by the decisions of the Supreme Court in Western & Atlantic Railroad v. Public Service Commission, 267 U. S. 493, 45 S. Ct. 409, 411, 69 L. Ed. 753, and B. & O. R. Co. v. U. S. ex rel. Pitcairn Coal Co., 215 U. S. 481, 30 S. Ct. 164, 171, 54 L. Ed. 292, and other cases following the same line of reasoning. In the last-mentioned case the court said: "This conclusion being in reason impossible, it must follow that, construing the provisions of section 10 in the light of and in harmony with the amendments adopted in 1906, the remedy afforded by that section, in the cases which it embraces, must be limited either to the performance of duties which are so plain and so independent of previous administrative action of the Commission as not to require a prerequisite exertion of power by that body, or to compelling the performance of duties which plainly arise from the obligatory force which the statute attaches to orders of the Commission, rendered within the lawful scope of its authority, until such orders are set aside by the Commission or enjoined by the courts."

So here, unless it can be said that the duties involved are so plain and so independent of administrative action by the Commission as not to require a prerequisite exertion of power by that body, or that they are duties which plainly arise from obligatory force with which the statute endows orders of the Commission rendered within the lawful scope of its authority, this court may not entertain this suit prior to action by the Interstate Commerce Commission.

The facts stated are such as to make the case indistinguishable from the two cases cited. The language of the court in Western & Atlantic Railroad v. Public Service Commission, supra, is pertinent. There the court said: "The question whether the continuance of the service on this industrial track violates the Interstate Commerce Act * * * as unduly discriminatory, is one that involves issues not primarily for the courts, but is for the Interstate Commerce Commission. It requires a consideration by experts of the benefit of the use of such a siding as compared with that of other sidings in connection with the rates in interstate commerce to determine whether there is undue discrimination between shippers. The railroad company is therefore in no position to appeal to the courts on this ground until it has invoked the investigation and decision of the Interstate Commerce Commission upon the concrete facts in a proper manner. See Great Northern R. Co. v. Merchants' Elevator Co., 259 U. S. 285, 291, and the cases cited on page 295, 42 S. Ct. 477, 66 L. Ed. 943, 946, 948. If and when the commission shall have made such an investigation and have found the existence of undue discrimination, its order may well not be a specific direction against a continuance of service on a particular siding, but an order upon the company to remove the undue discrimination between interstate shippers giving discretion to the company to adopt a satisfactory method of meeting the requirement. Compare Houston, E. & W. T. R. Co. v. United States, 234 U. S. 342, 360,

34 S. Ct. 833, 58 L. Ed. 1341, 1351; American Exp. Co. v. State of South Dakota ex rel. Caldwell, 244 U. S. 617, 624, 37 S. Ct. 656, 61 L. Ed. 1352, 1357 [P. U. R. 1917F, 45]. In any event, relief cannot be had by this bill, on the ground of undue discrimination, at the present stage of the controversy."

Accordingly, there will be judgment sustaining the plea to the jurisdiction of the court and dismissing the petition, for want of jurisdiction.